IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORMAN E.[1], <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br> Defendant. | Case No. 3:18-cv-1671-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Justin L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**Michael H. Simon, District Judge.**

Plaintiff Norman E. brings this action pursuant to section 205(g) of the Social Security Act (the "Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Act. For the following reasons, the Court AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

PAGE 2 – OPINION AND ORDER

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on February 2, 2015, alleging a disability onset date of May 29, 2012 and a date last insured of December 31, 2016. Plaintiff was born on June 6, 1963, making him 48 years old at the date of alleged disability onset. AR 75. Plaintiff is now 56.

Plaintiff's application was denied initially and upon reconsideration. AR 75, 76, 97, 98. A hearing was held before an Administrative Law Judge ("ALJ") on May 24, 2017. AR 26. On September 6, 2017, the ALJ issued his decision determining that Plaintiff was not disabled. AR 10. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ engaged in the appropriate sequential analysis in this case. First, he found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016 and had not engaged in substantial gainful activity since May 29, 2012, the alleged disability onset date. AR 15. At step two, the ALJ found that Plaintiff suffered from bilateral carpal tunnel syndrome, right lateral epicondylitis, right bicipital tendonitis, left toe amputation, migraines, and degenerative disc disease. *Id.* At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in the regulations. AR 16. At step 4, the ALJ assessed Plaintiff's RFC and determined that he was able to lift and carry 10 pounds occasionally; sit, stand, and walk about six hours each in an eight-hour workday; occasionally climb, balance, stoop, kneel, crouch, and crawl; and occasionally reach in all directions with the right dominant arm and frequently handle and finger bilaterally.

PAGE 5 – OPINION AND ORDER

*Id.* In light of the RFC, the ALJ found that Plaintiff was able to perform past relevant work as a call center operator based on testimony from a vocational expert. AR 21. The ALJ thus determined Plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff makes four arguments for why the ALJ's decision should be reversed. First, he argues the ALJ improperly rejected the opinions of Plaintiff's medical sources. He then contends the ALJ improperly determined Plaintiff's impairments did not meet or equal a listing. Next, Plaintiff argues the ALJ conducted an improper credibility evaluation. Finally, Plaintiff claims the ALJ erred in failing to conduct an adequate analysis at steps four and five.

### A. Weighing Inconsistent Medical Opinions

Dr. Tatsuro Ogisu examined Plaintiff, and the ALJ summarized Dr. Ogisu's findings in his decision. The ALJ stated that he gave Dr. Ogisu's opinion "partial weight because it is generally supported by the evidence of record. It persuades to some degree because Dr. Ogisu examined the claimant in person. The residual functional capacity therefore contains limitations to account for deficits caused by the conditions diagnosed by this consultant. It is not given full weight because the claimant's recent treatment for his foot problem supports a restriction to sedentary work." AR 20. Plaintiff argues the ALJ erred because despite claiming to give weight to Dr. Ogisu's findings, he failed to include in his RFC Dr. Ogisu's finding that Plaintiff could occasionally handle bilaterally and reach minimally with his right arm and did so without explanation. AR 270.

The ALJ did not "inexplicably omit" Dr. Ogisu's limitations from his RFC. In explaining his basis for the RFC, the ALJ noted that Plaintiff had "not sought medical attention for carpal tunnel syndrome in many years." AR 18. He also noted that Plaintiff engaged in minimal treatment and did not take medication. AR 20, 19. The ALJ also noted that Plaintiff used his

PAGE 6 – OPINION AND ORDER

hands and arms to smoke marijuana, perform personal care, prepare his own meals, do his laundry, take out the garbage, and shop in stores. AR 20-21. The ALJ noted that Drs. Susan Moner and Thomas Davenport, state agency physical consultants, found that Plaintiff could occasionally reach on the right and frequently handle. AR 20. This finding only slightly conflicts with Dr. Ogisu's finding that Plaintiff could reach minimally on the right and occasionally handle. AR 270.

While more weight should be given to the opinion of a treating physician than to the opinion of a non-treating physician, *Lester v. Charter*, 81 F.3d 821, 830 (9th Cir. 2012), "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). Plaintiff's assertion that the ALJ failed "to identify a single inconsistency between the medical record and Dr. Ogisu's opinion" is not supported by the ALJ's written opinion, which notes the evaluations of Drs. Moner and Davenport as well as the tasks Plaintiff was able to perform with his hands. The ALJ thus gave proper explanation for his findings and did not improperly reject Dr. Ogisu's opinion.

## B. Whether Plaintiff's Impairments Met or Equaled a Listing

Plaintiff's argument that the ALJ failed to adequately consider whether Plaintiff's impairments met or equaled a listing is also unavailing. "[F]or a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is medically equivalent to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis added); *see also Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2014). "Listed impairments are purposefully set at a high level of severity because the listings were designed to perate as a presumption of disability that makes further inquiry unnecessary." *Kennedy*, 738 F.3d at 1176.

The ALJ did not make a "boilerplate finding" that Plaintiff's impairments did not meet or equal a listing, as Plaintiff suggests. In discussing listing 1.02, the ALJ notes that

> the claimant's impairment must be characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). In addition, the impairment must involve either one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle) and result in inability to ambulate effectively, or one major peripheral joint in each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand) and result in inability to perform fine and gross movements effectively.

AR 16. Because the ALJ then wrote that "[t]he evidence of record does not show the requirements of this listing have been met or equaled," Plaintiff argues the ALJ's finding was boilerplate. *Id.* But reading the ALJ's opinion as a whole, it is clear that the ALJ made factual findings elsewhere in his opinion that preclude a finding that this listing was met or equaled. Plaintiff does not appear to argue that his impairment involves a major peripheral weight-bearing joint, like a hip, knee, or ankle. He argues that he has bilateral carpal tunnel syndrome, but the ALJ found that Plaintiff could "occasionally reach in all directions with the right dominant arm and frequently handle and finger bilaterally." *Id.* This finding is at odds with the definition of an "inability to perform fine and gross movements effectively," which "effectively means an extreme loss of function of *both* upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." 20 C.F.R. pt. 404, subpt. P, app 1 §1.00(b)(2)(c) (emphasis added). The ALJ appropriately considered whether Plaintiff's impairments met or equaled a listing and provided sufficient explanation for his decision.

## C. Plaintiff's Credibility Determination

Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony about his impairments. When there is no evidence of malingering, the ALJ may "reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 793 (9th Cir. 2015). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "This is not an easy standard to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 775 F.3d 995, 1015 (9th Cir. 2014). A failure to seek treatment for an impairment, however, is a valid reason to reject or discount symptom testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). A finding that the testimony is inconsistent with activities of daily living is another valid reason to discount the testimony, "[e]ven where those activities suggest some difficulty functioning… to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

The ALJ articulated specific, clear, and convincing reasons for discounting Plaintiff's subjective testimony. First, he notes that Plaintiff did not take medication for his impairments beyond vitamin D and marijuana. AR 19. Nor had he sought treatment for his migraine headaches or his back pain. AR 18. Second, the ALJ found that Plaintiff's activities of daily living undercut his subjective testimony, citing his ability to smoke marijuana, pull weeds, perform personal care, prepare his own meals, launder his clothes, take out the garbage, shop in stores, and use his hands for various other activities throughout the day. AR 20. Plaintiff notes that claimants need not "be utterly incapacitated to be eligible for benefits" and that "many home activities may not be easily transferable to a work environment where it might be impossible to

rest periodically or take medication." *Garrison*, 759 F.3d at 1016 (citing *Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1989)). But the ALJ cites activities of daily living that require Plaintiff to use his hands, which Plaintiff claims are severely limited by carpal tunnel syndrome. Discounting Plaintiff's testimony because it is inconsistent with these activities does not penalize him for attempting to lead a normal life in the face of his limitations, which the Ninth Circuit warned against in *Garrison*. Rather, the cited activities directly bear on the limitations to Plaintiff's use of his hands.

Finally, the ALJ pointed to medical evidence that undercuts Plaintiff's subjective testimony. This evidence included physical examination findings that showed Plaintiff could rise from a seated position in a chair and move on and off the exam table without difficulty; displayed full lumbar flexion, extension, and lateral flexion on both sides; had "unrestricted" reaching, full range of motion, and full muscle strength; performed deep knee bends without support; could walk on his heels; and had a steady gait. AR 18-19, 268-69, 348. Plaintiff argues that he never asserted an inability to walk or use his upper extremities for chores and other activities, and thus this evidence does not bear on his credibility. But the ALJ did not completely disregard Plaintiff's subjective testimony. Rather, he merely discounted it, finding that the extent of Plaintiff's claimed impairment was not supported by the evidence. The ALJ sufficiently articulated specific, clear, and convincing reasons for discounting Plaintiff's subjective testimony.

## D.  The Analysis at Steps Four and Five

Lastly, Plaintiff claims that the ALJ erred in concluding that he could perform past relevant work as a call center operator because that conclusion was based on testimony of a Vocational Expert ("VE") responding to an incomplete hypothetical. Plaintiff argues the hypothetical was incomplete because it did not include all of Plaintiff's limitations. He gives no

PAGE 10 – OPINION AND ORDER

further explanation of how the hypothetical was incomplete, however. It appears that this argument is merely a restatement of Plaintiff's argument disputing the ALJ's RFC finding. As discussed above, however, the ALJ's findings were well-reasoned and explained, and the RFC took into account the limitations for which the ALJ found support in the record.

Plaintiff then claims that he is precluded from performing the call center operator job because, according to the Dictionary of Occupational Titles ("DOT") it requires frequent reaching, which exceeds the RFC restriction to occasional reaching. But the Commissioner correctly notes that the DOT gives the "*maximum* requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *See* SSR 00-4p, *available at* 2000 WL 1898704 (emphasis added). Plaintiff cites case law requiring the ALJ to reconcile apparent conflicts between the VE's testimony and the DOT, but there is no conflict here: SSR 00-4 specifically explains that "[a] VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id.* Here, the ALJ reasonably relied on the VE's testimony that the specific reaching requirements for the call center operator position do not exceed the RFC restriction to occasional reaching.

Finally, Plaintiff argues error in failing to credit the VE's testimony that no jobs were available for a hypothetical claimant who could only occasionally reach, handle and finger; was off-task 20 percent of a workday; would miss 16 hours of work (or more) each months; and needed to elevate his legs for an hour each day outside of normal break periods. But testimony of a vocational expert "is valuable only to the extent that it is supported by medical evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). The ALJ determined that the assumptions in this hypothetical were not supported by the record, and he did so reasonably and

with proper explanation. And because the ALJ determined that Plaintiff was able to perform past relevant work, there was no need to conduct the analysis at step five. Thus, Plaintiff's argument fails.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 17th day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge